and accepted by the defendant. There was no evidence given to show at what time the indorsement was made. The defendant's counsel objected to the evidence of the indorsement, on the ground that it was not admissible under the declaration and notice. The objection was overruled, and the defendant's counsel excepted. Judgment was rendered against the defendant, who appealed to this court.

The judgment was affirmed, on the ground that the plaintiff was entitled to recover on the money counts against the acceptor, at common law; and that the copy of the bill and notice accompanying the declaration was unnecessary, and if defective, was harmless.

(S. C., 8 N. Y. 346.)

---

### PRICE *against* McGOWN.

*Substituted contract; non-performance of condition; escrow.*

BILL for the specific performance of a contract for the purchase of land. There were two contracts. The first made in February, 1834, was not performed by the purchasers, but was continued by verbal arrangements between the parties until November of that year, when a negotiation commenced, which resulted on the 9th December in a new written agreement, which the complainants claimed was a mere continuation of the former agreement. This agreement was left in escrow in the hands of a third person, to become operative upon the payment of $4,000 by the complainants on the day of its execution. The condition was not complied with. The defendant then said he would, notwithstanding, re-

ceive the money on the following day, and instructed the holder of the contract so to inform one of the parties, which was done. The money was not paid.

The court held that the second contract was a substitute for the first; and although conditional and not to become absolute until the $4,000 should be paid, was, from the time of its deposit in escrow, the only contract in existence between the parties. That the condition upon which it was to become absolute not having been performed, it ceased to have any validity, and could not be enforced.

The decree of the Supreme Court, dismissing the bill, was affirmed.

(S. C., 2 Barb. 277; 10 N. Y. 465.)

---

EMMET, Receiver of the Alliance Mutual Insurance Company, *against* ALMET REED.

*Stock note; cancelling by premiums.*

ON the first day of May, 1845, the defendant gave his note to the Alliance Mutual Insurance Company for $5,000, payable twelve months from date. The note was given under the 12th section of the act incorporating the Atlantic Mutual Insurace Company, referred to in, and made part of, the charter of the Alliance Mutual Insurance Company.

When the note was given, it was agreed between the defendant and the secretary of the company that the defendant should have the right of paying the whole amount of it in policies of insurance, which he might procure in his own name, or in the names of others whom he should influence to insure in the company. There was no authority given by the company to take